NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50191 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00048-MWF-1 |
| v. | |
| ELVIS HENRY IDADA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Elvis Henry Idada appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Idada's request for oral argument is, therefore, denied.

The district court did not err in its denial of Idada's motion.[1]  First, the record reflects that the district court considered the general conditions at FMC-Devens, but reasonably concluded that Idada failed to demonstrate "extraordinary and compelling reasons" for release in light of his good health.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Contrary to Idada's argument, the district court also properly considered the nature of his offense and reasonably denied relief on those grounds as well.[2]  *See* 18 U.S.C. §§ 3553(a)(1), 3582(c)(1)(A) (district court must consider the applicable § 3553(a) factors on a motion for compassionate release).  Finally, the record belies Idada's assertion that the district court treated him more harshly because his underlying offense targeted lawyers.

**AFFIRMED.**

---

[1] The parties dispute whether an abuse of discretion or de novo standard of review applies.  We need not address this dispute as our conclusion is the same under either standard.

[2] We do not reach whether the court properly considered victim impact statements because the district court stated that its ruling would be the same in the absence of the statements.

20-50191